## No. XXVII.

### McILHANEY v. SECREST.

*Appeal from Fort Bend County.*

MORRIS, JUSTICE.—Secrest filed his petition in the District Court of Fort Bend County to enforce the execution of a deed from said McIlhaney to a certain tract of land, the equitable title to which the said Secrest alleged to be in himself. He stated at the close of his petition that defendant was a transient individual; that he was unacquainted with his place of residence, whether in the Republic or not; that ordinary citation might not be able to reach him; he therefore prayed publication of his petition, citing the party defendant to appear, etc. This prayer was granted by the court and publication ordered to be made for sixty days in some public gazette. At the term next succeeding the issuance of this order, a decree was entered in favor of plaintiff. A writ of error has been prayed for and granted to the defendant, and the record is sent up for the revision of this court. The error assigned is, that there was no sufficient or legal notice given to the defendant previous to the rendition of the decree—said judgment or decree having gone by default. By referring to the record we find that no copy of the writ or petition has been issued or served on the defendant. The only notification ever given or attempted to be given by the plaintiff of the pendency of his action was by the publication ordered by the judge to be made in accordance with his prayer. Our statute law nowhere authorizes or legalizes the service of process of any kind than personal service, with the single exception of cases of attachment, where in special cases mentioned it is required to give notice of the pendency of the attachment suit in some public gazette, etc. Texas Laws, vol. 5, p. 187. The first law with regard to the service of process, necessary to notify a party of the pendency of any action, confined it to the person. Texas Laws, vol. 1, p. 201. This was subsequently amended so far as to make serv-

---

**Note 44.**—McGill and Wife v. Delaplain, Administrator, etc., p. 493.

Court can not compel party to take nonsuit. Guest v. Guest, Dal., 394; Thomas v. Hill, 3 T., 270; Sandoval v. Rosser, 86 T., 682, 686.

ice sufficient, where a copy was left at the residence of an individual (Texas Laws, vol. 4, p. 88) ; which amendment has been since repealed, and the law now stands as it *aforetime was*. No authority is given then in our statute law to notify a party defendant of the pendency of an action against him, *in ordinary cases,* by publication. The case under consideration does not come under the provisions of the attachment law, and certainly the averment in his petition, which is not positive, and which does not show that it was impracticable to pursue the ordinary requisites of the law, ought not and did not authorize the court to permit a resort to a method of notification not provided for by our law and exceedingly questionable in any instance. The judgment must therefore be reversed and the cause remanded.

*Reversed and remanded.*